JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :     INDICTMENT

    - v. -                        :     **07 CRIM. 403**

MAURICIO ALFONSO MAZZA-ALALUF,    :

                Defendant.    :

- - - - - - - - - - - - - - - - - -x

## COUNT ONE

The Grand Jury charges:

1.  From at least in or about August 2002 through on or about March 31, 2007, in the Southern District of New York and elsewhere, MAURICIO ALFONSO MAZZA-ALALUF, the defendant, and others known and unknown, unlawfully, willfully and knowingly, combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, to violate Section 1960 of Title 18, United States Code.

2.  It was a part and an object of the conspiracy that MAURICIO ALFONSO MAZZA-ALALUF, the defendant, and others known and unknown, would and did conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business, to wit, TURISMO COSTA BRAVA, S.A. (hereinafter, "TURISMO"), in violation of Section 1960 of Title 18, United States Code.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 0 9 2007

MEANS AND METHODS OF THE CONSPIRACY

3.  Among the means and methods by which MAURICIO ALFONSO MAZZA-ALALUF, the defendant, and his co-conspirators would and did carry out the conspiracy were the following:

a.  At all times relevant to this Indictment, MAZZA-ALALUF was an officer and a manager of TURISMO, which is nominally a Chilean tourism and currency exchange corporation.

b.  At all times relevant to this Indictment, MAZZA-ALALUF and his co-conspirators imported bulk quantities of currency and other monetary instruments, primarily large denomination euro bills, into the United States in the name of TURISMO. The total value of the currencies imported by TURISMO was equivalent to more than $200,000,000 in U.S. dollars. This entire sum was deposited with a foreign currency exchange service, which converted the foreign currencies into U.S. dollars for deposit into U.S. dollar-denominated bank accounts that TURISMO maintained at banks in New York, New York, and in Illinois and Michigan.

c.  At all times relevant to this Indictment, MAZZA-ALALUF and other co-conspirators used the TURISMO accounts in the United States to transfer over $200,000,000 in U.S. dollars to money exchange houses, businesses, and investment firms in countries worldwide. A vast majority of those transfers

cleared through or were placed into accounts at banks located in New York, New York.

    d. During the period relevant to this Indictment, TURISMO was not licensed to engage in the business of transmitting money by the States of New York, Illinois or Michigan.

    e. During the period relevant to this Indictment, TURISMO was not registered as a money transmitting business with the United States Treasury.

### OVERT ACT

    4. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

    a. On or about January 6, 2003, MAURICIO ALFONSO MAZZA-ALALUF, the defendant, issued a check in the amount of $36,512 against a TURISMO account at a bank in New York, to a company in the Netherlands.

(Title 18, United States Code, Section 371.)

### COUNT TWO

The Grand Jury further charges:

    5. From at least in or about August 2002 through on or about March 31, 2007, in the Southern District of New York and elsewhere, MAURICIO ALFONSO MAZZA-ALALUF, the defendant,

unlawfully, willfully, and knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit, TURISMO, (a) without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor and a felony under State law, and (b) while failing to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under such section, to wit, MAZZA-ALALUF used TURISMO to transfer millions of dollars by means of electronic transfers and checks to and through New York without registering TURISMO as a money transmitting business under federal law and without obtaining a New York State money transmitting business license for TURISMO.

(Title 18, United States Code, Sections 1960 and 2.)

**FIRST FORFEITURE ALLEGATION**

6.  As the result of committing the illegal money transmitting offense alleged in Count One of this Indictment, in violation of 18 U.S.C. § 371, MAURICIO ALFONSO MAZZA-ALALUF, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds

traceable to the commission of the offense, including but not limited to the following:

      a.   At least $200,000,000 in United States currency, in that such sum constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the illegal money transmitting offense alleged in Count One of this Indictment.

      b.   All currency and other monetary instruments, totaling approximately U.S. $1,618,712, that were seized on or about April 1, 2007, from JP Morgan Chase Bank account number 732299607, which was held in the name of TURISMO.

      c.   All currency and other monetary instruments that were seized from MAZZA-ALALUF's person on or about March 31, 2007, including foreign and domestic currencies and monetary instruments worth approximately U.S. $1,960,000 that MAZZA-ALALUF declared to U.S. Customs and Border Protection as being imported on behalf of TURISMO.

<u>SUBSTITUTE ASSET PROVISION</u>

7.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (1) cannot be located upon the exercise of due diligence;

   (2) has been transferred or sold to, or deposited with, a third person;

>     (3) has been placed beyond the jurisdiction of the Court;
>
>     (4) has been substantially diminished in value; or
>
>     (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

> (Title 18, United States Code, Sections 981 and 1960;
> Title 21, United States Code, Section 853(p);
> Title 28, United States Code, Section 2461.)

### SECOND FORFEITURE ALLEGATION

8.   As the result of committing the illegal money transmitting offense alleged in Count Two of this Indictment, in violation of 18 U.S.C. § 1960, MAURICIO ALFONSO MAZZA-ALALUF, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982, all property, real and personal, involved in the illegal money transmitting offense and any property traceable to such property, including but not limited to the following:

>     a.   At least $200,000,000 in United States currency, in that such sum in aggregate is property which was involved in the illegal money transmitting offense alleged in Count Two of this Indictment or is traceable to such property.
>
>     b.   All currency and other monetary instruments, totaling approximately U.S. $1,618,712, that were seized on or

6

about April 1, 2007, from JP Morgan Chase Bank account number 732299607, which was held in the name of TURISMO.

   c. All currency and other monetary instruments that were seized from MAZZA-ALALUF's person on or about March 31, 2007, including foreign and domestic currencies and monetary instruments worth approximately U.S. $1,960,000 that MAZZA-ALALUF declared to U.S. Customs and Border Protection as being imported on behalf of TURISMO.

<u>SUBSTITUTE ASSET PROVISION</u>

  9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (1) cannot be located upon the exercise of due diligence;
>
> (2) has been transferred or sold to, or deposited with, a third person;
>
> (3) has been placed beyond the jurisdiction of the Court;
>
> (4) has been substantially diminished in value; or
>
> (5) has been commingled with other property which cannot be subdivided without difficulty;

7

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1960.)

_____    _____
FOREPERSON                   MICHAEL J. GARCIA
                             United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MAURICIO ALFONSO MAZZA-ALALUF,

Defendant.

**INDICTMENT**

07 Cr.

(Title 18, United States Code, Sections 371, 1960 & 2.)

MICHAEL J. GARCIA
United States Attorney.

**A True Bill**

_____
Foreperson

5/9/07  Ind. Fld. Deft 14-1-07. The Dec.
is Assigned to Judge Castel for all
purposes.
                                    Mag Judge Pohorelsky