UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x

UNITED STATES OF AMERICA,

    -against-
MAURICIO MAZZA,                                   NOTICE OF MOTION
          Defendant.                        07 Cr 403 (PKC)

-----------------------------------x

SIRS/MADAMES:

      PLEASE TAKE NOTICE that upon the accompanying affidavit of the defendant MAZZA, sworn to the 10th day of December, 2007, and all the proceedings heretofore had herein, the defendant will move this Court before the Honorable District Judge P. Kevin Castel, at the United State Courthouse for the Southern District of New York, located at 500 Pearl Stree, New York, New York, for an order:

      1. Dismissing the Indictment pursuant because of the fundamental unfairness of the charges, inherent defects in the Indictment pursuant to Rule 12(b), of the Federal Rules of Criminal Procedure, and

      2. Granting such other relief as to the Court appears just and proper.

Dated: New York, New York
         December 7, 2007.

                                                              Yours, etc.,

                                                              /s
                                                         _____
                                                         B. ALAN SEIDLER, ESQ.
                                                         Attorney for Defendant
                                                         580 Broadway
                                                         New York, New York 10012
                                                         212-334-3131

To:    CLERK OF THE COURT, ECF

       OFFICE OF THE UNITED STATES ATTORNEY
       Southern District of New York
       attn. Sarah Lai, Esq.
            Assistant United States Attorney

       CHAMBERS P. KEVIN CASTEL

       MAURICIO MAZZA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

UNITED STATES OF AMERICA
        v.                              SUPPORTING AFFIDAVIT
MAURICIO MAZZA,                 07 Cr 403 (PKC)

        Defendant.

------------------------------------------------x

STATE OF NEW YORK   )
                            ss:
COUNTY OF NEW YORK )

       MAURICIO MAZZA, being sworn, deposes and says:

       1. I am the above captioned defendant, and am directly familiar with the facts and circumstances recited herein, except as to those matters stated upon information and belief.

       2. This affidavit is submitted in support of my motion to dismiss the instant Indictment because of its inherent defects, and the fundamental unfairness of the charges, see, e.g., United States v. Perez, 330 F.3d 97, 104 (2d Cir. 2003) [dismissing alien's indictment for illegal re-entry because prior deportation order "was fundamentally unfair" due to denial of opportunity for judicial review of order), and also because of the defects in the manner in which the instant prosecution was initiated pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, advisory committee notes, 1944 adoption.

       3. I was arrested on March 31, 2007, while I was in the process of entering the United States with a valid Visa. I am charged in the instant indictment in 2 Counts - Count One charges a conspiracy to conduct, control, etc. an unlicensed money transmitting business (Turismo Costa Brava, S.A.) in violation of State and federal law [18 USC @@ 371 and 1960]; Count Two charges

the conduct, control, etc. of a money transmitting business (Turismo Costa Brava, S.A.) without obtaining an appropriate New York State license, and while failing to comply with the money transmitting business registration requirements of section 31 USC @ 5330 [18 USC @ 1960 and 2]. The Indictment also contains two Forfeiture allegations with substitute asset provisions. (INDICTMENT ATTACHED).

    4. I am a shareholder, officer, and a manager of Turismo Costa Brava S.A. ["Turismo"]. Turismo is a Chilean business entity, licensed to conduct foreign currency exchange by the Chilean government. Turismo legally operates as a foreign currency exchange business in Chile, and Turismo as a business entity does not exist in any other country. Turismo receives foreign currencies in Chile including dollars, and then exchanges said currencies into other currencies for the payment of international transactions. Seventy percent of the funds received by Turismo in Chile are in Euros, the remaining 30% are currencies from Canada, the United Kingdom, Switzerland, Australia, Sweden, etc. Turismo conducted no business transaction in the United States. Because international trade payments are very often made in dollars, Turismo would use commercial banks in the United States for the conversion of foreign currencies received by Turismo in Chile into dollars for the payment of transactions having otherwise no connection to the United States. No customer of Turismo was a United States citizen, or a United States business entity. Neither I, nor Turismo ever offered business services to any USA entity, or person. Turismo was used to provide currency exchange services exclusively for non-USA business transactions, and currency arbitrage.

    3. Each time your deponent, and or Turismo opened an account in the United States for the exchange of currencies all United States Banking requirements were met as required by each said Bank. United States Banks utilized by Turismo include the Harris Bank, N.A. in Chicago, Illinois, the Morgan Chase Bank in Dearborn, Michigan, the Israel Discount Bank of New York in

Manhattan.. I was never informed by any Bank that I must register Turismo with a State government, or the federal government before I could use that Bank as a median for exchange. Turismo would always properly provide each Bank with its Articles of Incorporation, the Opinion of legal counsel, and Letters explaining the nature of Turismo's business. We worked very hard to conduct the affairs of Turismo legally.

    4. There are hundreds if not thousands of money transmitting businesses throughout the world that operate in their respective countries under the legislation of said country, that like Turismo, have active current accounts in the United States where money is transmitted to and from the United States for the payment of foreign transactions.

    5. Each and every time I would bring foreign currency into the United States for deposit in a United Staes bank for the purpose of exchange to dollars, I made a full declaration of all currency with the United States Customs service. Each and every time I entered the United States I did so legally. I was never informed that my Chilean company was required to obtain federal registration, or a State money transmitting license. I have been in this business for approximately 15 years, and was never told by an federal or State functionary that federal registration, and State licensing was a requirement for exchange activity in the United States. Further, Turismo never conducted its business affairs in any State of the United States, as required by the charging statute, 18 USC @ 1960(A) to be a precursor for a violation of law.

    6. Title 31 USC @ 5330(e)(c) provides that the operable section (a) of the statute:
    "shall not apply to any transaction if the entire transaction occurs outside the United
    States."

All of Turismo's transaction occurred outside the United States. All of Turismo's clients were non American citizens, and entities. Turismo's clients were Chileans in Chile.

7. The actual form issued by the Department of the Treasury for the "Registration of Money Services Business" [FinCEN 107, effective January, 2005] (ATTACHED) does not even contemplate, or provide for the registration of a foreign entity as a money transmitting business in Part II of the form. The form only provides for a foreign owner or controlling person to register a United States money service business, but not registration of a non-USA money service business. It is said form, and that form only, that must be used by every money services business to register. Additionally, the General Information section of Form 107 emphasizes at section "7" thereof:

> "Generally, acceptance and transmission of funds as an integral part of the execution and settlement of a transaction other than the funds transmission itself (for example, in connection with the bona fide sale of securities) will not cause a person to be a money transmitter."

8. The Government's theory herein is that I, through Turismo violated the aforesaid statutes because, without exception, any business within or outside, must register with the United States Government. That is incorrect, and I am being charged herein unfairly, and in violation of law.

WHERERFORE, defendant requests the Indictment be dismissed, alternately a hearing be ordered to resolve factual disputes, and such other relief granted as is just.

DATED: December 7, 2007

Sworn to and subscribed by,

/s

_____

MAURICIO MAZZA

Witnessed by,

/s

_____
B. Alan Seidler
Attorney for Defendant Mazza