UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------x

UNITED STATES OF AMERICA
        v.                    MEMORANDUM OF LAW
MAURICIO MAZZA,          07 Cr 403 (PKC)

        Defendant.

---------------------------------------------------x

      This Memorandum is submitted in support of the motion to dismiss the instant Indictment because of its inherent defects, and the fundamental unfairness of the charges.

## BACKGROUND

      Defendant was arrested on March 31, 2007, while in the process of entering the United States with a valid Visa. Defendant is charged in the instant indictment in 2 Counts - Count One charges a conspiracy to conduct, control, etc. an unlicensed money transmitting business (Turismo Costa Brava, S.A.) in violation of State and federal law [18 USC @@ 371 and 1960]; Count Two charges the conduct, control, etc. of a money transmitting business (Turismo Costa Brava, S.A.) without obtaining an appropriate New York State license, and while failing to comply with the money transmitting business registration requirements of section 31 USC @ 5330 [18 USC @ 1960 and 2]. The Indictment also contains two Forfeiture allegations with substitute asset provisions.

      As recited in defendant's affidavit in Support of the Motion to Dismiss, defendant was a shareholder, officer, and a manager of Turismo Costa Brava S.A. ["Turismo"]. Defendant's criminal conduct herein is alleged to have occurred through his operation of Turismo. Turismo is a Chilean business entity, licensed to conduct foreign currency exchange by the Chilean

government. Turismo legally operates as a foreign currency exchange business in Chile, and Turismo as a business entity does not exist in any other country. Turismo receives foreign currencies in Chile including dollars, and then exchanges said currencies into other currencies for the payment of international transactions. Seventy percent of the funds received by Turismo in Chile are in Euros, the remaining 30% are currencies from Canada, the United Kingdom, Switzerland, Australia, Sweden, etc. Turismo conducted no business transaction in the United States. Because international trade payments are very often made in dollars, Turismo would use commercial banks in the United States for the conversion of foreign currencies received by Turismo in Chile into dollars for the payment of transactions having otherwise no connection to the United States. No customer of Turismo was a United States citizen, or a United States business entity. Neither defendant, nor Turismo ever offered business services to any USA entity, or person. Turismo was used to provide currency exchange services exclusively for non-USA business transactions, and currency arbitrage.

 Each time your defendant, or Turismo opened an account in the United States for the exchange of currencies all United States Banking requirements were met as required by each said Bank. United States Banks utilized by Turismo include the Harris Bank, N.A. in Chicago, Illinois, the Morgan Chase Bank in Dearborn, Michigan, the Israel Discount Bank of New York in Manhattan. Defendant was never informed by any Bank that he must register Turismo with a State government, or the federal government before he could use that Bank as a median for exchange. Turismo would always properly provide each Bank with its Articles of Incorporation, the Opinion of legal counsel, and Letters explaining the nature of Turismo's business.

 There exist hundreds, if not thousands of money transmitting businesses throughout the world that operate in their respective countries under the legislation of said country, that like

Turismo, have active current accounts in the United States where money is transmitted to and from the United States for the payment of foreign transactions.

Each and every time defendant would bring foreign currency into the United States for deposit in a United Staes bank for the purpose of exchange to dollars, defendant made a full declaration of all currency with the United States Customs service. Each and every time defendant entered the United States he did so legally. Defendant was never informed that his Chilean company was required to obtain federal registration, or a State money transmitting license. Further, Turismo never conducted its business affairs in any State of the United States as required by the charging statute, 18 USC @ 1960(A) in violation of law. Defendant submits these facts cannot reasonably be in dispute

JURISDICTIONAL BASIS FOR THE MOTION TO DISMISS

Defendant moves to dismiss on the ground that a foreign national, transacting no commerce in the United States, and having no United States clients, is not required to register as a money transmitter in the United States, in order to exchange foreign currency for United States dollars in the United States, to complete dollar denominated commercial transactions without the United States. Defendant submits this District Court has the authority to dismiss the instant Indictment prior to trial because of the defects in the manner in which the instant prosecution was initiated pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, advisory committee notes, 1944 adoption, and also for defects within it. Defendant submits the above facts stated are not materially in dispute. Section 12(b)(2) of the F. R. Cr. P. states:

> "A party may raise by pretrial motion any defense, objection, or request that the court can determine without trial of the general issue."

According to the Advisory Committee Notes, 1944 Adoption, Note to Subdivision (b)(1)and (2),

the failure of the Indictment to state an offense may be raised by a defendant prior to trial. Here, the Indictment alleging money transmitter violations fails to state an offense as to defendant Mazza.

An Indictment can be dismissed because of defects in the manner in which the prosecution was initiated such as grand jury illegalities, double jeopardy, immunity and statute of limitations [see, Fed.. R. Crim. P. 12(b)]. An Indictment can be dismissed because of prosecutorial misconduct, such as vindictive and selective prosecution [United States v. Armstrong, 517 U.S. 456, 464-65 (1996)]. An Indictment can be dismissed because of constitutional, or statutory violations. An Indictment can be dismissed because of lack of jurisdiction United States v. Henriquez, 731 F.2d 131 (2d Cir. 1984). An Indictment can be dismissed based on lack of venue [18 USC @ 1956(I); USA Patriot Act of 2001]. A District Court can grant a motion to dismiss an indictment on the ground the indictment fails to state an offense. United States v. Espy, 989 F.Supp. 17 (USDCDC, 1987); United States v. San Diego Gas & Elec. Co., 2006 U.S. Dist. LEXIS 84856. A motion that an indictment fails to state an offense can be made at any time before verdict. United States v. Hooker, 841 F.2d 1225 (CA4 1998).

Instant defendant also moves to dismiss the indictment prior to trial because of the defects within it. As authority, defendant Mazza calls the Court's attention to United States v. Perez, 330 F.3d 97, 104 (2d Cir. 2003) [dismissing alien's indictment for illegal re-entry because prior deportation order "was fundamentally unfair" due to denial of opportunity for judicial review of order). Here, no customer of Turismo was a United States citizen, or a United States business entity. Neither defendant, nor Turismo ever offered business services to any USA entity, or person. Turismo was used to provide currency exchange services exclusively for non-USA

business transactions, and currency arbitrage without the United States. The statutes charged herein are not applicable to defendant. In that regard, Title 31 USC @ 5330(e)(c) provides that the operable section (a) of the statute:

> "shall not apply to any transaction if the entire transaction occurs outside the United States."

Except for the exchange of currency, defendant's transactions occurred outside the United States.

## NEITHER FOREIGN DEFENDANT, NOR TURISMO WAS REQUIRED TO REGISTER AS A MONEY TRANSMITTER

Again, Title 31 USC @ 5330(e)(c) provides that the operable section (a) of the statute:

> "shall not apply to any transaction if the entire transaction occurs outside the United States."

All of Turismo's transaction occurred outside the United States. All of Turismo's clients were non American citizens, and entities. Turismo's clients were Chileans in Chile.

The actual form issued by the Department of the Treasury for the "Registration of Money Services Business" [FinCEN 107, effective January, 2005] does not even contemplate, or provide for the registration of a foreign entity as a money transmitting business in Part II of the form. The form only provides for a foreign owner or controlling person to register a United States money service business, but not registration of a non-USA money service business. It is said form, and that form only, that must be used by every money services business to register. Additionally, the General Information section of Form 107 emphasizes at section "7" thereof:

> "Generally, acceptance and transmission of funds as an integral part of the

execution and settlement of a transaction other than the funds transmission itself (for example, in connection with the bona fide sale of securities) will not cause a person to be a money transmitter."

Here, no customer of Turismo was a United States citizen, or a United States business entity. Neither defendant, nor Turismo ever offered business services to any USA entity, or person. Turismo was used to provide currency exchange services exclusively for non-USA business transactions, and currency arbitrage without the United States.

## CONCLUSION

For these reasons the Indictment against defendant Mazza should be dismissed, and such other relief granted as is just.

Dated: December 27, 2007.

Respectfully submitted,

/s

_____

B. Alan Seidler
Attorney for Defendant
580 Broadway
New York, NY 10012
212-334-3131