**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**- - - - - - - - - - - - - - - - - - x**

**UNITED STATES OF AMERICA**

**-v.-**

**07 Cr. 403 (PKC)**

**MAURICIO MAZZA-ALALUF,**

**Defendant.**

**- - - - - - - - - - - - - - - - - - x**

**THE GOVERNMENT'S MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANT MAURICIO MAZZA-ALALUF'S**
**MOTION TO DISMISS THE INDICTMENT**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York,
Attorney for the United States
Of America.

Sarah Y. Lai
Assistant United States Attorney,
Of Counsel.

## TABLE OF CONTENTS

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . i

Preliminary Statement.. . . . . . . . . . . . . . . . . . . . . . . 1

Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. Mazza's Motion to Dismiss the Indictment Should Be Denied.. . . . . . . . . . . . . . . . . . . . . . . 2

a. Applicable Law. . . . . . . . . . . . . . . . . . . . . . 2

b. Discussion. . . . . . . . . . . . . . . . . . . . . . . . 5

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . 12

**TABLE OF AUTHORITIES**

Cases:

*Boyce Motor Lines* v. *United States*, 342 U.S. 337 (1952). . . . . . . . . . . . . . . . . . . . . 2

*Costello* v. *United States*, 350 U.S. 359 (1956). . . . . . . . . . 2

*United States* v. *Alfonso*, 143 F.3d 772 (2d Cir. 1998). . . . . . . . . . . . . . . . . 3

*United States* v. *Bah*, S1 06 Cr. 243, 2007 WL 1032260 (S.D.N.Y. Mar. 30, 2007).. . . . . . . . . . 11

*United States* v. *Barletta*, 644 F.2d 50 (1st Cir. 1981). . . . . . . . . . . . . . . . 3, 4

*United States* v. *Covington*, 395 U.S. 57 (1969). . . . . . . . . . 4

*United States* v. *Dransfield*, 913 F. Supp. 702, 707 (E.D.N.Y. 1996). . . . . . . . . . . 3

*United States* v. *Eichman*, 756 F. Supp. 143 (S.D.N.Y. 1991).. . . . . . . . . . . . 3, 11

*United States* v. *Jarrett*, 705 F.2d 198 (7th Cir. 1983). . . . . . . . . . . . . . . . . 4-5

*United States* v. *Knox*, 396 U.S. 77 (1969).. . . . . . . . . . . . 5

*United States* v. *Perez*, 330 F.3d 97 (2d Cir. 2003). . . . . . . 10

*United States* v. *Sampson*, 371 U.S. 75 (1962). . . . . . . . . . . 2

*United States* v. *Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). . . . . . . . . . . 3, 4, 9

*United States* v. *Talebnejad*, 460 F.3d 563 (4th Cir. 2006). . . . . . . . . . . . . . . . 11

*United States* v. *Veliz*, No. 03 Cr. 1473, 2004 WL 964005 (S.D.N.Y. May 5, 2004). . . . . . . . . . 7, 11

*nited States* v. *Williams*, 644 F.2d 950 (2d Cir. 1981).. . . . 4, 9

*United States* v. *Yakou*,
428 F.3d 241, 246 (D.C. Cir. 2005).. . . . . . . . . . . . . 3

Statutes:

18 U.S.C. § 1960(b)(1)(A).. . . . . . . . . . . . . . . . . . 10-11

31 U.S.C. § 5331(a).. . . . . . . . . . . . . . . . . . . . . . 8

31 U.S.C. § 5331(c)(2). . . . . . . . . . . . . . . . . . . . . 8

31 U.S.C. § 5330(d)(1). . . . . . . . . . . . . . . . . . . . . 8

Other:

Alan Wright *et al.*, Federal Practice & Procedure:
Criminal 3d § 194. . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Crim. P. 12(b)(2).. . . . . . . . . . . . . . . . . . . 3

Fed. R. Crim. P. 47.. . . . . . . . . . . . . . . . . . . . . . 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - x

**UNITED STATES OF AMERICA**

**-v.-**

**MAURICIO MAZZA-ALALUF,**

**Defendant.**

- - - - - - - - - - - - - - - - - - x

**07 Cr. 403 (PKC)**

## PRELIMINARY STATEMENT

Defendant Mauricio Mazza-Alaluf moves to dismiss Indictment 07 Cr. 403 (PKC) for failure to state an offense and for the "fundamental unfairness of the charges" against him. For the reasons set forth below, his motion should be denied without a hearing.

## BACKGROUND

On March 29, 2007, law enforcement agents arrested Mauricio Mazza-Alaluf ("Mazza" or the "defendant") as he entered the United States at the Los Angeles international airport, pursuant to a search warrant issued by the Honorable Kevin Nathaniel Fox, United States Magistrate Judge for the Southern District of New York. The warrant was based on a complaint filed on March 9, 2007,[1] which charged the defendant with one count of

[1] The Government believes that the docket sheet inadvertently listed the filing date for the complaint as April 9, 2007. The correct date is March 9, 2007.

conspiring to conduct an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371, and one count of conducting an unlicensed money transmitting business, in violation of Title 18, United States Code, Sections 1960 and 2. On May 9, 2007, a grand jury in this District returned Indictment 07 Cr. 403 (PKC) (the "Indictment") against Mazza, charging him with the same offenses as set forth in the complaint.

## ARGUMENT

### I. Mazza's Motion to Dismiss the Indictment Should Be Denied

Mazza moves to dismiss the Indictment on the grounds that (1) it fails to state an offense and (2) the charges are "fundamentally unfair." For the reasons discussed below, his arguments are without merit and the motion should be denied in its entirety.

#### A. Applicable Law

On a pretrial motion to dismiss an indictment, the Court should accept all factual allegations in the indictment as true. *See United States* v. *Sampson,* 371 U.S. 75, 78-79 (1962); *Boyce Motor Lines* v. *United States*, 342 U.S. 337, 343 n.16 (1952). Generally, the defendant may not argue outside of the four corners of the indictment. *See, e.g.*, *Costello* v. *United States*, 350 U.S. 359, 363 (1956) (holding that an indictment, "if valid on its face, is enough to call for trial of the charges on

the merits"); *United States* v. *Eichman*, 756 F. Supp. 143, 145-46 (S.D.N.Y. 1991) ("So long as the indictment sets forth the elements of the offense in sufficient detail to provide the defendant with notice of the charges against him and does not present double jeopardy problems, it is impervious to attack on a motion to dismiss[.]"); *see also United States* v. *Yakou*, 428 F.3d 241, 246 (D.C. Cir. 2005) ("There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context."). Thus, in ruling on a pretrial motion to dismiss an indictment, a district court may not "look[] beyond the face of [an] indictment and dr[a]w inferences as to the proof that [might] be introduced by the government at trial to satisfy . . . [an] element [of the offense]." *United States* v. *Alfonso*, 143 F.3d 772, 777 (2d Cir. 1998).

However, the district court may address questions of law or of fact that do not implicate "the general issue." Fed. R. Crim. P. 12(b)(2); *United States* v. *Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (noting that Rule 12(b) "permits any defense 'which is capable of determination without the trial of the general issue'"). "The 'general issue' has been defined as evidence relevant to the question of guilt or innocence." *United States* v. *Dransfield*, 913 F. Supp. 702, 707 (E.D.N.Y. 1996) (citing *United States* v. *Barletta*, 644 F.2d 50, 57-58 (1st Cir. 1981)).

Consistent with the foregoing principles, where a pretrial motion is "substantially founded upon and intertwined with the evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred." *Shortt Accountacy*, 785 F.2d at 1452 (internal quotation marks omitted); *see United States* v. *Williams*, 644 F.2d 950, 952-53 (2d Cir. 1981); *Barletta*, 644 F.2d at 58. At the other end of the spectrum, where the issue raised in a pretrial motion is "entirely segregable" from the evidence to be presented at trial, the district court must decide the issue before trial. *Shortt Accountacy*, 785 F.2d at 1452; *see Barletta*, 644 F.2d at 57-58. "A defense is capable of pretrial determination if trial of the facts surrounding the commission of the alleged offense would be of *no assistance* in determining the validity of the defense." *United States* v. *Covington*, 395 U.S. 57, 60 (1969) (emphasis added). Where a pretrial motion raises an issue that is not entirely segregable from the trial evidence, but also does not require review of a substantial portion of that evidence, the district court has discretion to defer decision until after trial. *Shortt Accountancy*, 785 F.2d at 1452-53 (finding district court did not abuse discretion by deferring motion to dismiss); *United States* v. *Jarrett*, 705 F.2d 198, 205 (7th Cir. 1983) (district court may defer decision on pretrial motion if production of evidence will clarify the issue, or if factual

uncertainties require "trial of any nontrivial part of the general issue") (quoting *Barletta*, 644 F.2d at 57-58 (emphasis in original)).

Finally, although Federal Rule of Criminal Procedure 47 provides generally that "[a] motion may be supported by affidavit," neither it nor Rule 12 is intended to permit speaking motions, so as to avoid turning a pretrial motion into a trial of the general issue. *See, e.g., United States* v. *Knox,* 396 U.S. 77 (1969) (evidentiary questions relevant to whether defendant has good defense should not be resolved on a pretrial motion); *see generally* Alan Wright *et al.*, Federal Practice & Procedure: Criminal 3d § 194.

**2. Discussion**

The Indictment in this case contains two Counts. Count One tracks the language of Section 371 of Title 18, United States Code. Count Two tracks the language of Section 1960 of Title 18. Each Count alleges a specific time frame, specifies the statute that the defendant is alleged to have violated, states what the defendant did to violate that statute, and identifies the unlicensed money transmitting business at issue. In particular, Count One charges that from at least in or about August 2002 through on or about March 31, 2007, in the Southern District of New York and elsewhere, Mazza, along with others, "combined, conspired, confederated, and agreed together and with each other"

to violate Section 1960 of Title 18, United States Code. Indictment ¶ 1. Count One further alleges that the object of the conspiracy between Mazza and others was to "conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business" named Turismo Costa Brava, S.A. ("Turismo"). *Id* ¶ 2. Count One goes further: it describes the means and methods by which Mazza and his co-conspirators carried out the conspiracy, including Mazza's relationship to Turismo and the use of bank accounts in three states. *Id.* ¶ 3. Finally, Count One specifies an overt act, namely, on or about January 6, 2003, Mazza issued a check in the amount of $36,512 against a Turismo account at a bank in New York, to a company in the Netherlands. *Id.* ¶ 4.

Count Two charges that from at least in or about August 2002 through on or about March 31, 2007, in the Southern District of New York and elsewhere, Mazza "unlawfully, willfully, and knowingly conducted, controlled, managed, supervised, directed, and owned all and part of" Turismo, an unlicensed money transmitting business, without obtaining a New York money transmitting license during the relevant period and without complying with the federal money transmitting business registration requirements set forth in Section 5330 of Title 31, United States Code, and the corresponding regulations. *Id.* ¶ 5.

As detailed above, each Count of the Indictment contains all of the statutory elements of the offense charged. Each Count is sufficiently specific to both inform Mazza of the claims against him and protect him against any possible double jeopardy concerns. That is legally sufficient. *See, e.g.*, *United States* v. *Veliz*, No. 03 Cr. 1473, 2004 WL 964005, at *1 (S.D.N.Y. May 5, 2004) ("brief and conclusory" indictment that tracks statute and gives time and place of crime is sufficient).

Mazza claims that the Indictment fails to state an offense. In this regard, Mazza does not contend that the Indictment fails to track the relevant statutes. Nor does he deny that Turismo was a money transmitting business. Instead, he claims that Turismo did not conduct any money transmitting business in the United States because his customers were located outside the United States and paid Turismo outside the United States and, therefore, Turismo was not subject to federal or state laws and regulations governing money transmitting businesses. *See* Defendant's Memorandum of Law ("Def. Mem.") at 5-6; Supporting Affidavit of Mauricio Mazza, dated December 7, 2007 ("Mazza Aff."), ¶¶ 4, 6, 7. In support of this argument, Mazza appears to cite Section 5331(c)(2) of Title 31, United States Code, for the proposition that "section (a) of the statute 'shall not apply to any transaction if the entire transaction

occurs outside the United States.'"[2] That provision, however, has no application here. Section 5331, entitled "Reports relating to coins and currency received in nonfinancial trade or business," sets forth reporting requirements for transactions exceeding $10,000, *see* 31 U.S.C. § 5331(a), not registration or licensing requirements for money transmitting businesses. Section 5331(c)(2) therefore does not purport to create an exception to the registration and licensing requirements for money transmitting businesses, as defined in 31 U.S.C. § 5330(d)(1).

The Court should not decide the question of whether Turismo operated a money transmitting business that was subject to 31 U.S.C. § 5330 and state laws. Resolution of that defense would require the Court not only to look beyond the face of the Indictment, but to review most of the evidence that the prosecution would presented at trial. That evidence would include, among other things, voluminous documentation establishing the nature of Turismo's financial transactions in the United States, the fact that Turismo had a Employer Identification Number issued by the United States Internal

[2] Both the defendant's memorandum of law and the supporting affidavit refer to Title 31, United States Code, Section 5330(e)(c). *See* Def. Mem. at 5; Mazza Aff. ¶ 6. However, that appears to be a typographical error because there is no Section 5330(e)(c) or any subsection under Section 5330 that contains the quoted language.

Revenue Service, and the fact that Turismo had a business address in Chicago, Illinois. The prosecution would also: present testimony from representatives of the United States Treasury Department and of the relevant state authorities concerning the applicability of registration and/or licensing requirements to Turismo; offer correspondence from officials at Israel Discount Bank and Harris Bank to Turismo indicating that the banks were closing the Turismo accounts because Turismo lacked the requisite license or registration in the United States; adduce documentation showing that the defendant's business partner, Luis Mazza-Olmos, made essentially the same unsuccessful arguments to the banks to avoid account closure as the defendant makes here; and offer testimony from bank officials concerning other communications with Turismo managers regarding closure of the Turismo accounts. Because Mazza's claim in his motion to dismiss is substantially founded on and inextricably intertwined with the evidence to be presented at trial, the Court must defer the issue to the jury. *See Williams*, 644 F.2d at 952-53; *Shortt Accountancy*, 785 F.2d at 1452.

To the extent Mazza bases his motion to dismiss on the notion that the charges against him are "fundamentally unfair" because he has been bringing foreign currency into the United States for a long time without ever being told that Turismo needed to be registered with the Treasury Department or licensed

by any State, that argument should be swiftly rejected. *See* Mazza Aff. ¶¶ 3, 5. The only authority that Mazza cites in support of this argument, *United States* v. *Perez*, 330 F.3d 97 (2d Cir. 2003), is completely inapt. *See* Mazza Aff. ¶ 2. There, the Court of Appeals held that the administrative proceedings resulting in a deportation order were "fundamentally unfair" because Perez had been deprived of effective assistance of counsel and had been prejudiced as a result. *Perez*, 330 F.3d at 103-04. The Court of Appeals explained that "[t]o show fundamental unfairness, a defendant must show both a fundamental procedural error and prejudice resulting from that error." *Id.* at 104 (internal quotation marks omitted). Mazza has not met this showing here. He has not argued that his counsel rendered ineffective assistance and cannot demonstrate any legal prejudice.

Moreover, with respect to this argument, the Government disputes Mazza's claim that he was never given notice of any licensing requirement by any bank. But even if he had not received notice, the lack of notice is wholly immaterial. The prosecution is not required to allege, much less prove, that Mazza knew of any federal registration or State licensing requirements. Congress expressly eliminated knowledge of registration and licensing requirements as an element of the offense. Specifically, 18 U.S.C. § 1960 makes it unlawful for

anyone to knowingly conduct, manage, supervise or own all or part of an "unlicensed money transmitting business," which is defined as a money transmitting business which affects interstate or foreign commerce and:

> (A) is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, *whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable*; or
>
> (B) fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section[.]

18 U.S.C. § 1960(b)(1)(A) (emphasis added). *See United States* v. *Talebnejad*, 460 F.3d 563, 572-73 (4th Cir. 2006) (reversing dismissal of indictment and holding that indictment need not allege defendant's knowledge of registration requirements because Section 1960 sets forth a general intent crime); *United States* v. *Bah*, S1 06 Cr. 243, 2007 WL 1032260, at *1-3 (S.D.N.Y. Mar. 30, 2007) (holding that defendant violates Section 1960 even if he had no knowledge of New York State's licensing requirement). The Indictment meticulously tracks the language of the statute. That is sufficient. *Veliz*, 2004 WL 964005, at *1; *Eichman*, 756 F. Supp. at 145-46. Further, because the Indictment is valid on its face, and Mazza's claim that Turismo is not subject to federal registration and state licensing requirements is founded on and

inextricably intertwined with evidence of his guilt, the defendant's motion to dismiss or, in the alternative, for a hearing to resolve factual disputes must be denied.

**CONCLUSION**

For the foregoing reasons, the defendant's motion to dismiss the Indictment should be denied without a hearing.

Date: New York, New York
January 4, 2008

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By: /s/ Sarah Y. Lai
Sarah Y. Lai
Assistant United States Attorney
Tel.: (212) 637-1944