UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,

    -against-

MAURICIO MAZZA-ALALUF,

    Defendant.

------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/08

07 Cr. 403 (PKC)

MEMORANDUM AND ORDER

P. KEVIN CASTEL, District Judge:

    Defendant Mauricio Mazza-Alaluf moves to dismiss the indictment because of "fundamental unfairness of the charges" and inherent defects in the indictment.

    The indictment charges defendant in Count One with conspiring to violate a statutory prohibition on the operation of an unlicensed money transmitting business; the relevant statute reads, in part, as follows:

> "Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be fined in accordance with this title or imprisoned not more than 5 years, or both."

18 U.S.C. § 1960(a). Count Two charges a substantive violation of the same provision.

    To constitute an "unlicensed money transmitting business," the business must "affect interstate or foreign commerce in any manner or degree" and fall within one of the three provisions:

> (A) is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony

>   under State law, whether or not the defendant knew that the operation was
>   required to be licensed or that the operation was so punishable;
>   (B) fails to comply with the money transmitting business
>   registration requirements under section 5330 of title 31, United States
>   Code, or regulations prescribed under such section; or
>   (C) otherwise involves the transportation or transmission of funds
>   that are known to the defendant to have been derived from a criminal
>   offense or are intended to be used to promote or support unlawful activity;
>   . . ."

18 U.S.C. § 1960(b)(1).

Here, Count One substantially tracks the language of the statute and alleges that the business which the defendant conducted, controlled, managed, supervised, directed and owned in whole or in part (¶ 2) was unlicensed in the states in which it operated, i.e., New York, Illinois and Michigan (¶ 3d), and also was not registered as a money transmitting business with the United States Treasury (¶ 3e). It alleges that defendant and his co-conspirators imported over $200 million into the United States (¶ 3b) and used the accounts of Turismo Costa Brava S.A. to transfer over $200 million from the United States to others located worldwide (¶ 3c).

Defendant's motion essentially argues that facts exist beyond the face of the indictment which may amount to a defense to the charges. For example, Defendant argues that Turismo operates legally in Chile and does not exist elsewhere and merely uses commercial banks in the United States for the payment of transactions otherwise having no connection to the United States. Without deciding whether these facts would amount to a defense, they do not amount to a defect in the indictment or failure to state an offense.[1]

Defendant's possible belief that the registration requirements of 31 U.S.C. § 5330 did not apply to him because of the content of the Treasury Department registration

---

[1] No legal authority is cited for the proposition that the foregoing facts would amount to a defense to the charge.

forms does little to establish a deficiency in the charge. Moreover, it is sufficient that the government prove defendant's knowledge of the factual elements of the crime and there is no requirement that it prove defendant's knowledge of the law. See United States v. Talebnejad, 460 F.3d 563, 572-73 (4th Cir. 2006) (reversing dismissal of the indictment and holding that section 1960 is a general intent crime).[2]

Nor is there an apparent lack of jurisdiction. Defendant notes that the parties to the underlying transactions were located wholly outside the United States and the transactions, themselves, did not relate to the United States. But the indictment alleges that the defendant and others agreed to import into the United States currencies, including Euros, totaling in excess of $200 million. These currencies were deposited into bank accounts located in the United States and then the monies were transferred out of the accounts in the United States to locations in other countries. There is no basis to conclude that there is a lack of jurisdiction or any fundamental unfairness in the prosecution.

The motion to dismiss is denied.

---

[2] In United States v. Bah, No. S1 06 Crim. 0243 LAK, 2007 WL 1032260, at *1 (S.D.N.Y. Mar. 30, 2007), Judge Kaplan concluded that where no specific intent is required for a violation of the state licensing statute, no specific intent is required in a section 1960 prosecution for operating a money transmitting business without a state license. Section 1960(b)(1)(A), the state licensure provision, expressly provides that operating such a business without a state license violates section 1960 "whether or not the defendant knew that the operation was required to be licensed . . . ." No analogous provision appears in 1960(b)(1)(B), governing non-registration under section 5330 of title 31. But nothing in section 5330 suggests a specific intent requirement and there is no reason why one should be imported into section 1960 via section 5330.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
February 4, 2008