

**Financial Crimes Enforcement Network
Department of the Treasury**

<u>FinCEN Ruling 2004-1 – Definition of Money Services Business (Foreign-Located Currency Exchanger With U.S. Bank Account)</u>

March 29, 2004

Dear Mr. [   ]:

This letter responds to your letter dated January 8, 2004, requesting a determination as to whether your client, [   ], a [foreign] currency exchanger with its principal place of business in [a foreign country], is required to register with the Financial Crimes Enforcement Network ("FinCEN") as a Money Services Business ("MSB") pursuant to 31 C.F.R. § 103.41. Pursuant to 31 CFR § 103.85, governing FinCEN's authority to issue administrative rulings, FinCEN has determined, based on the representations in your letter, that [   ] does not fall within the definition of a MSB under 31 C.F.R. § 103.11(uu) and therefore is not subject to the registration requirements of 31 C.F.R. § 103.41.

<u>Background</u>

You have represented that [   ] is a [foreign] corporation licensed in [the foreign country] as a currency exchanger and has its principal place of business in [the city in the foreign country]. While [   ] does not have a physical presence in the United States, [   ] does maintain an account ("Account") with a U.S. financial institution with offices in Miami, Florida. According to your letter, [   ] engages in the following activities in [the foreign country]:

- [   ] operates a currency exchange business in [the foreign country] involving the exchange of local currency (principally, [the foreign country's currency]) to U.S. Dollars. [   ] physically delivers U.S. Dollars in the form of checks drawn on the Account to customers in [the foreign country] in exchange for local currency. [   ] has adopted a written policy that it will not transmit U.S. Dollars, either electronically or otherwise, to the United States for its customers.

- [   ] purchases checks and other negotiable instruments denominated in U.S. Dollars ("Purchased Instruments") in [the foreign country]. [   ] pays for Purchased Instruments in [the foreign country's currency] in the form of checks drawn on accounts in [the foreign country's] banks, which

    [ ] physically delivers to the customer in [the foreign country]. [ ] subsequently sends the Purchased Instruments by courier to the United States for deposit into the Account.

- [ ] acts as a local intermediary in [the foreign country] for MSBs located and operating in the United States ("U.S. MSBs"). These U.S. MSBs, on behalf of their clients, seek to transfer [the foreign country's currency] to third party recipients in [the foreign country]. To accomplish this type of transaction, the U.S. MSB first contacts banks and/or currency exchangers in [the foreign country], such as [ ], to inquire about exchange rates. If the exchange rate quoted by [ ] is acceptable, the U.S. MSB confirms the transaction by fax to [ ]. [ ] then deposits [the foreign country's currency] in the [foreign country's] bank account of the third party recipient, as instructed by the U.S. MSB. Afterward, [ ] sends evidence of the bank deposit to the U.S. MSB, and the U.S. MSB transfers U.S. Dollars to the Account through a wire transfer.

You have further represented that [ ] has adopted a written policy that it will not engage in any of the aforementioned activities within the United States. Furthermore, [ ] states that the maintenance of the Account is, and will continue to be, the extent of its activities within the United States.

### Analysis

Under 31 C.F.R. § 103.11(uu), a MSB is "an agent, agency, branch, or office within the United States" of any person conducting the types of activities listed in 31 C.F.R. §§ 103.11(uu)(1) through (6). According to your letter, [ ] is located in [ ] with no physical presence in the United States. Since [ ]'s only tie to the United States is the Account, the question then is whether the Account could be considered an "agent, agency, branch, or office within the United States" of [ ], which is engaged in conducting the activities of a money services business.

The Account, as you have described it, is used by [ ] to issue U.S. dollar-denominated checks to customers in [the foreign country] and to clear U.S. dollar-denominated negotiable instruments purchased from [the foreign company's] customers, in furtherance of its currency exchange activities in [the foreign country]. To the extent that the currency transactions take place in [the foreign country] for customers located in [the foreign country] and [ ]'s use of the Account in such transactions is limited to issuing and clearing monetary instruments, FinCEN would not deem the Account an "agent, agency, branch, or office within the United States" of SAQS for purposes of 31 CFR § 103.11(uu), as [ ] is not engaging in currency exchange transactions within the United States.

In addition, [ ] uses the Account to assist U.S. MSBs, on behalf of clients of the U.S. MSBs, to transfer funds to third party recipients in [the foreign country]. To the extent that [ ] acts only as an intermediary for entities that are treated as MSBs under 31

CFR § 103.11(uu) and does not itself offer funds transmission services through the Account to customers in the United States, FinCEN would not deem the Account an "agent, agency, branch, or office within the United States" of [    ] for purposes of 31 CFR § 103.11(uu), as [    ] is not engaging in funds transmissions within the United States.

Although there may be facts and circumstances under which FinCEN would treat a foreign-located currency exchanger as a MSB by virtue of its engaging in money services transactions in the United States through a U.S. bank account, for all of the foregoing reasons we have determined that the Account is not an "agent, agency, branch, or office within the United States" of [    ]. As a result, [    ] is not required to register with FinCEN as a MSB under 31 C.F.R. § 103.41.

In arriving at our decision, FinCEN relied upon the accuracy and completeness of the representations made in your letter. Nothing precludes FinCEN from seeking further action should any of this information prove inaccurate or incomplete. Finally, we note that you have requested that certain information contained in your letter be held in confidence and exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552. FinCEN reserves the right to publish this letter as guidance to financial institutions with all identifying information about you and your client [    ], including the country where your client is located [    ] and the principal currency with which your client conducts its activities [    ], redacted. You will have 14 days after the date of this letter to identify any other information you believe should be redacted and the legal basis for the redaction. Should you have any questions, please telephone Christine Del Toro ((703) 905-[3590]) or Vivian Wong ((703) 905-[3590]) of my staff.

                                               Sincerely,

                                               //signed//

                                             Judith R. Starr
                                             Chief Counsel

cc:    David M. Vogt, Executive Associate Director, Office of Regulatory Programs
         Deborah Silberman, Supervisory Program Officer, MSB/Casinos/IRS Section