```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MAURICIO A MAZZA ALALUF,

                        Petitioner,                     10 Civ. 2566 (PKC)
                                                        S1 07 Cr. 403 (PKC)

        -against-
                                                        MEMORANDUM
                                                        AND ORDER

UNITED STATES OF AMERICA,

                        Respondent.
-----------------------------------------------------------x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/18/11

P. KEVIN CASTEL, District Judge:

        Mauricio A. Mazza Alaluf petitions for relief pursuant to 28 U.S.C. § 2255. A Superseding Indictment charged Mazza with conspiring to conduct an unlicensed money-transmitting business in violation of 18 U.S.C. § 1960, and a second count charged him with a substantive violation of section 1960. Defendant Mazza applied to the Court to waive his Sixth Amendment right to a trial by jury. Rule 23(a), Fed. R. Crim. P. As required by Rule 23(a)(1), Mazza submitted a signed waiver affirming his decision. The government consented to the waiver. Rule 23(a)(2), Fed. R. Crim. P.

        This case was tried to the Court on November 13 and 14, 2008. On January 29, 2009, this Court issued its Findings of Facts and Conclusions of Law pursuant to Rule 23(c), Fed. R. Crim. P. United States v. Mazza-Alaluf, 607 F. Supp. 2d 484 (S.D.N.Y. 2009). This Court concluded that Mazza knowingly conducted, controlled, managed, supervised, directed or owned an unlicensed money-transmitting business operating in interstate and foreign commerce, failed to register the business under the laws of Illinois, Michigan and New York, and conspired to do the same. Id. at 489-93, 498-500. I separately found that the government failed to prove that Mazza

violated Treasury Department registration requirements. Id. at 493-98. Mazza subsequently filed a post-trial motion arguing that his indictment should be dismissed for lack of subject matter jurisdiction, and the motion was denied. United States v. Mazza-Alaluf, 2009 WL 1748056 (S.D.N.Y. June 19, 2009).

Mazza was sentenced on September 11, 2009. After hearing from counsel and from Mazza, and considering the factors of 18 U.S.C. § 3553(a), I sentenced Mazza to 42 months of imprisonment, followed by two years of supervised release. (Docket # 82.) Mazza appealed his judgment and conviction, and the Second Circuit affirmed. United States v. Mazza-Alaluf, 621 F.3d 205 (2d Cir. 2010), cert. denied, 131 S. Ct. 583 (2010). Mazza filed the present petition while his appeal was pending, and, according to the government, has subsequently completed his term of imprisonment and been deported to his home country of Chile.

Mazza's petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is directed to matters that have been thoroughly explored by this Court and by the Second Circuit. He contends that his business, Turismo Costa Brava S.A. ("Turismo"), was a storefront business in Santiago, Chile, with no United States offices, employees or phone number. (Petition, Narrative Attachment.) As a result, he asserts, Turismo was not a "domestic" money-transmitting business within the United States, and was not required to register with state authorities. (Petition, Narrative Attachment.) Separately, Mazza contends that there was no direct testimony "by one that would assure my knowledge to break the law" by joining a conspiracy. (Petition at 5.)

The Second Circuit has already rejected Mazza's argument as to whether Turismo was a domestic financial institution. It affirmed this Court's findings of fact on the issues he now challenges:

> [T]he district court found with respect to § 1960(b)(1)(B) that, based on its substantial activities in the United States . . . Turismo was a domestic financial institution within the meaning of 31 U.S.C. § 5312(b)(1). This determination was not erroneous because Turismo was a "financial institution," see 31 U.S.C. § 5312(a)(2)(R) (defining "financial institution" as, inter alia, "a licensed sender of money or any other person who engages as a business in the transmission of funds"), that engaged in "action[s] in the United States," id. § 5312(b)(1) (defining "domestic financial institution"); see also United States v. Bah, 574 F.3d 106, 112 (2d Cir. 2009) (observing that federal money transmitting statute "is designed, inter alia, to prevent the movement of funds").

This Court specifically found that Turismo opened and maintained bank accounts with the New York-based Israel Discount Bank, the Harris Trust and Savings Bank in Chicago, Illinois, and a Chase Manhattan Bank branch located in Dearborn, Michigan. 607 F. Supp. 2d at 490-93. Turismo also retained a New York-based firm, Beacon Hill Service Corporation, to act as its "international business agent." Id. at 487, 493. Many, though not all, transactions facilitated by Beacon Hill on Turismo's behalf originated with U.S. banks and were cleared through U.S. banks. Id. at 487. Turismo's employees and owners traveled into the United States carrying bulk cash, often denominated in the Euro and other European currencies, where they delivered the currency to an armored car service for transport to an agent that transmitted the dollar equivalent into U.S. bank accounts. Id. at 487-88. The petition has set forth no basis to revist the Court's findings as to Turismo's activities within the United States.

As to Mazza's contentions that no direct evidence reflected his intentional participation in a conspiracy, this Court found that the evidence proved beyond a reasonable doubt that Mazza agreed with at least one other person to knowingly manage an unlicensed money-transmitting business, and conspired with individuals including Luis Mazza, Jose Miguel Mazza, Daniel Mazza, Alan Mazza, Mauricio Majenas and Juan

Lama. Id. at 499. Direct testimony reflecting Mazza's criminal intent was not required. As the Court previously noted: "'[A] defendant's knowing agreement to join a conspiracy must, more often than not, be proven through circumstantial evidence.'" United States v. Lorenzo, 534 F.3d 153, 161 (2d Cir. 2008) (quoting United States v. Nusraty, 867 F.2d 759, 764 (2d Cir. 1989)).

The Petition is DENIED. The Clerk is directed to terminate the Petition, 07 Cr. 403 (Docket # 109) and to enter judgment for the respondent.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       January 18, 2011